FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY P. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-02823 (UNA) |
| | ) |
| | ) |
| JOSEPH BIDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff, a resident of Richmond, Kentucky, sues President Biden, Vice President Harris, as well as other former United Presidents, former First Ladies, and myriad other Congress Members, Federal Officials, and Federal Agencies. The prolix 463-page complaint is far from a model in clarity, and attaches a hodgepodge of exhibits, but plaintiff fails to explain the relevance of any of them. *See* LCvR 5.1(e) ("No complaint . . . shall have appended thereto any document that is not essential to determination of the action."). He has also filed, without leave, three supplements to the complaint, *see* ECF Nos. 3–5, together totaling 685 additional pages, none of which assist in establishing a cognizable claim.

Plaintiff seeks a permanent injunction to "nullify President Joseph Biden for Treason[,] [and] Insurrection[,]" and is "requesting [that] the Court and Federal Circuit Judge acknowledge that the 2020 US Presidential Election has been nullified by the TREASON Law Code 18." He also demands "[t]hat the Judge . . . ban all named defendants from holding or running for or being appointed to any US governmental office or position[,]" and to "establish President Donald J.

Trump [as] the legitimate . . . US President[.]"  Plaintiff also demands that "the persons in line for replacing Biden . . . Harris . . . Pelosi are [be] forbidden from currently and forever holding office," which he contends is "a Constitutional dilemma that ONLY you and the Supreme Court can remedy."

First, *pro se* litigants must comply with the Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Preliminarily, plaintiff does not provide the addresses or contact information for some the defendants, in contravention of D.C. LCvR 5.1(c)(1).  Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category.  As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails

to set forth allegations with respect to this court's jurisdiction over plaintiff's entitlement to relief, if any.

Second, insofar as plaintiff seeks a permanent injunction, he has failed to state a claim. "The standard for issuance of the extraordinary and drastic remedy" of a restraining order "is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–3 (D.D.C. 2007) (internal quotation marks and citation omitted). Such remedy should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted). A court considers four primary factors in examining the need for a permanent injunction. *See Price v. U.S. Dep't of Justice*, No. 18-cv-1339, 2019 WL 2526439, at *3 (D.D.C. June 19, 2019) (quoting *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001)). These factors are: "(1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the nonmovant, and (4) public interest." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (citation omitted). Plaintiff does not address, let alone meet, any of these factors, falling well short of the high standard required for the entry of a permanent injunction. *See Walsh v. Hagee*, 900 F. Supp. 2d 51, 61–62 (D.D.C. 2012); *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010).

Third, plaintiff attempts to bring a claim for treason pursuant to 18 U.S.C. § 2381, but that is a criminal statute which does not create a private right of action and, therefore, cannot be relied upon by a civil plaintiff to state a claim for relief. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *see also Quinn v. Robinson*, 783 F.2d 776, 793–94 (9th Cir. 1986) ("These offenses, which include treason,

sedition, and espionage . . . do not violate the private rights of individuals[.]"), *cert. denied*, 479 U.S. 882 (1986); *Noone v. Town of Palmer*, 2 F. Supp. 3d 1, 11 (D. Mass 2014) (finding that 18 U.S.C. § 2381 is a criminal statute which does "not provide a private right of action.") (footnote omitted); *Cassaday v. Trump*, No. 22-cv-682, 2022 WL 3082464, at *4 (W.D. Mich. Aug. 3, 2022) (holding that "political offenses[,]" including treason, "exist solely because the very political entity, the state, has criminalized such conduct for its self-preservation . . . [s]uch crimes are perpetrated directly against the state and do not intend to cause private injury.) (quoting *Ordinola v. Hackman*, 478 F.3d 588, 596 (4th Cir. 2007) (internal quotation marks omitted) (collecting additional cases)); *Doe v. FBI*, No. PX-18-0707, 2019 WL 280268, at *4 (D. Md. Jan. 22, 2019) (finding that, where plaintiff's allegations were "tantamount to an act of war against the government, and that [d]efendants [had] therefore committed treason in violation of Article III, Section III of the United States Constitution . . . [because "[t]reason is best understood as a crime committed against the United States . . . no private right of action exists that would allow an individual plaintiff to pursue" a claim of treason against the government.) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 560 (2004); *Taylor v. Virginia*, No. 2:15-cv-429, 2015 WL 13050092, at *1 (E.D. Va. Oct. 27, 2015) (other citations omitted)); *Corrado v. New York Off. of Temporary*, No. 15-cv-7316, 2016 WL 3181128, at *5 (E.D.N.Y. Jun. 2, 2016) (finding that there is no private right of action under 18 U.S.C. § 2381) (citing *Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015)); *Shaughnessy v. New York*, 2014 WL 457947, at *7 (N.D.N.Y. Feb. 4, 2014) (finding that treason is "always prosecuted by the Federal Government, not by private complaints[,]" and that "there is no private right of action for the crime.") (citing *Hill v. DiDio*, 191 F. App'x 13, 14–15 (2d Cir. 2006); *Carvel v. Ross*, No. 09 Civ. 722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (collecting cases) (other citations

omitted)); *Vinh Hung Lam v. Citigroup, Inc*., No. No. CV 08–4317, 2008 WL 11343432, at *2 (C.D. Cal. Aug. 18, 2008) (finding that plaintiff failed to state a civil claim because "[t]he United States Code makes treason a crime[,]" and that 18 U.S.C. § 2381 "can be enforced only by the proper authorities of the United States government, such as United States attorneys.") (citing 28 U.S.C. § 547) (internal quotation marks and other citations omitted)).

Similarly, a plaintiff may not initiate criminal proceedings by filing a complaint with this court. *Powell v. Katzenbach,* 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same), *aff'd*, No. 12–5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, 568 U.S. 1160 (2013). Similarly, a plaintiff cannot compel a criminal investigation by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Finally, to the extent that plaintiff seeks relief from a "Federal Circuit Judge," or the Supreme Court, this District cannot exercise jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *see also In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate

mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

    For all of these reasons, this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: October 25, 2022                  _____ s/s_____
                                                           COLLEEN KOLLAR-KOTELLY
                                                           United States District Judge